# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MARIA MOE,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; PAMELA BONDI, in her official capacity as Attorney General of the United States; and WILLIAM MARSHALL, in his official capacity as Director of the Federal Bureau of Prisons,<br><br>    Defendants-Appellants. | No. 25-5427 |

## UNDERLYING DECISION FROM WHICH APPEAL ARISES

Defendants-Appellants seek review of the November 17, 2025 Order (Dkt. No. 96), in this case from the United States District Court for the District of Columbia. *See Moe v. Trump*, No. 1:25-cv-653 (D.D.C.) (Lamberth, J.). The Order is attached to this filing.

Respectfully submitted,

CHARLES W. SCARBOROUGH
 /s/ *McKaye L. Neumeister*
McKAYE L. NEUMEISTER
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Room 7231
  Washington, D.C. 20530
  (202) 514-8100

DECEMBER 2025

# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I caused to be filed with the Court and served on opposing counsel through the CM/ECF system the foregoing UNDERLYING DECISION FROM WHICH APPEAL ARISES.

 /s/ McKaye L. Neumeister
McKaye L. Neumeister
Counsel for Defendants-Appellants

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MARIA MOE,

        Plaintiff,

v.

DONALD TRUMP, *in his official capacity as* President of the United States, *et al.*,

        Defendants.

Case No.: 1:25-cv-00653-RCL

## [~~PROPOSED~~] ORDER GRANTING PRELIMINARY INJUNCTION

This Court entered a preliminary injunction in this dispute on August 20, 2025 [ECF No. 90]. The injunction began on August 23, 2025, and will expire on November 21, 2025.

On November 13, 2025, the Plaintiff moved the Court for entry a new preliminary injunction, providing the same relief as in the August 20 injunction, to begin on November 21, 2025, and end on February 19, 2026. The Defendants do not oppose the Plaintiff's motion for a new preliminary injunction. There are no newly discovered factual circumstances that necessitate a reassessment of the Court's prior holdings that the Plaintiff has met her burden for preliminary injunctive relief or a reevaluation of the terms of that relief. Plaintiff continues to meet her burden to prove preliminary injunctive relief is warranted.

Therefore, upon consideration of Plaintiff's Motion for Renewed Preliminary Injunction and the entire record herein, it is hereby

**ORDERED** that the Plaintiff's Motion is **GRANTED**; and it is further

**ORDERED** that the Defendants are hereby enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against Plaintiff in this action for the period of November 21, 2025 to February 19, 2026; and it is further

**ORDERED** that, for the period of November 21, 2025 to February 19, 2026, the

Defendants shall maintain and continue Plaintiff's housing status in a women's facility and shall continue to provide her gender dysphoria treatment as it existed immediately prior to January 20, 2025.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). Plaintiff has shown a substantial likelihood of success on her claim that implementation of sections 4(a) and 4(c) is or would be unlawful and is causing or would cause them immediate, irreparable harm. Because any application of Sections 4(a) and 4(c) to Plaintiff would cause this serious and irreparable harm, a preliminary injunction preventing the implementation of those sections is necessary to correct the harm and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the implementation of only those sections of the Order for which Plaintiff has demonstrated a likelihood of success on the merits and immediate, irreparable harm if a preliminary injunction is not entered, this order extends no further than necessary to correct the harm that requires this preliminary relief.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. *Id.* After this consideration, the Court has concluded and so finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of Plaintiff's medical care and housing status while this litigation proceeds.

IT IS SO ORDERED.

Dated: _November 17_, 2025   _____
United States District Judge

3